# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Veotis Harding, ) | |
| ) | Civil Action No. 5:12-cv-01213-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| John W. Owens, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Veotis Harding ("Petitioner"), proceeding *pro se*, filed the instant habeas action pursuant to 28 U.S.C. § 2241 seeking to vacate his convictions for money laundering and to be resentenced on his other convictions. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 24], filed on April 30, 2013, recommending that the court grant Respondent John W. Owens's ("Respondent") Motion to Dismiss [Dkt. No. 18] and dismiss Petitioner's petition [Dkt. No. 1]. The Report further recommends that the court deny Petitioner's request for relief under any of his alternative theories. [Dkt. No. 24 at 8].

For the reasons set forth below, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report. Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Writ of Audita Querela are **DISMISSED**. Petitioner's Petition for a Writ of Coram Nobis is **TRANSFERRED** to Petitioner's court of conviction in the Eastern District of North Carolina for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate. The court adopts this summary as its

1

own, and only references facts pertinent to the analysis of Petitioner's objections. The relevant undisputed facts are as follows.

Petitioner is presently confined in Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. [Dkt. No. 1 at 1]. On July 9, 2002, the Grand Jury returned a thirty-five-count indictment against Petitioner in the United States District Court for the Eastern District of North Carolina. [Dkt. No. 1 at 32-47]; [Dkt. No. 18-2]. On October 21, 2002,[1] Petitioner pled guilty without a plea agreement to the following criminal acts: (1) conspiracy to commit interstate transportation in aid of racketeering (Count One); (2) interstate transportation in aid of racketeering and aiding and abetting (Counts Two to Eighteen); (3) conspiracy to commit concealment and promotional money laundering (Count Nineteen); (4) money laundering to promote the carrying on of the specified unlawful activity (Counts Twenty to Thirty-One); and (5) money laundering with the intent to disguise the nature, source, ownership, and control of the proceeds (Counts Thirty-Two to Thirty-Five). [Dkt. No. 1-1 at 2]; [Dkt. No. 18-1 at 3]; [Dkt. No. 18-3 at 8]. These charges are based on Petitioner's operation of several escort businesses which served as a front for a prostitution ring. [Dkt. No. 1-1 at 4].

Petitioner was subsequently sentenced to 40 years imprisonment on August 28, 2003. *Id.*; [Dkt. No. 18-3 at 10]. Petitioner appealed both his conviction and his sentence. *See United States v. Harding,* 143 F. App'x 536 (4th Cir. 2005) (unpublished). On August 24, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction, vacated the sentence, and remanded the case for resentencing. *Id.* Upon remand, Petitioner was sentenced to 330 months imprisonment. [Dkt. No. 1-1 at 4]; [Dkt. No. 18-3 at 12]. Petitioner

---

[1] Petitioner alleges that the plea occurred on August 28, 2003, [Dkt. No. 1 at 4]; however, the court believes this was error as it appears Petitioner was sentenced on that date [*See* Dkt. No. 18-3 at 10].

again appealed his sentence contending that it was unreasonable. *See United States v. Harding*, 228 F. App'x 272 (4th Cir. 2007) (unpublished). The sentence was ultimately affirmed by the Fourth Circuit on May 21, 2007. *Id.* Petitioner did not file a Petition for a Writ of Certiorari with the Supreme Court of the United States. [Dkt. No. 18-1 at 4].

On June 2, 2008, in *United States v. Santos*, 553 U.S. 507 (2008), a plurality of the Supreme Court limited the term "proceeds" in the federal money laundering statute to profits. *Id.* Because the term "proceeds" was ambiguous, the rule of lenity applied. *Id.* at 523. Thus, forfeitures applied only to profits and not receipts. *Id.* On September 25, 2008, Petitioner filed a motion seeking an extension of time to file a 28 U.S.C. § 2255 motion, which was denied on November 5, 2008. [Dkt. No. 18-3 at 12]. In his motion, Petitioner requested equitable tolling of his one-year statute of limitations, which began to toll on May 21, 2007, the date of his final conviction. [*See* Dkt. No. 100 (*Harding v. United States,* Cr. No. 5:02-CR-00191-BO (E.D.N.C. Sept. 25, 2008))]. Petitioner requested the extension for reasons that included ineffective assistance of counsel. *Id.* However, Petitioner did not indicate any knowledge of the *Santos* decision or any intent to seek relief due to the change in the law. *Id.*

After the denial of Petitioner's requested extension, Petitioner did not file a motion under 28 U.S.C. § 2255. [Dkt. No. 18-1 at 4-5]. On March 7, 2011, the Fourth Circuit in *United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), retroactively applied the *Santos* decision to collateral review. *Id.* at 274. On May 8, 2012, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming the following:

> Ground one: The law has changed with regards to the term "proceeds" under a Supreme Court case (i.e., United States vs. Santos) making petitioner not guilty of money laundering for paying the expenses of an illegal criminal activity.

> Supporting FACTS…See attached Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2241 Petition.
>
> ….
>
> STATEMENT OF CLAIM…Petitioner was charged by the indictment for paying the expenses of an illegal criminal activity (i.e., prostitution). Under United States vs. Santos, the Supreme Court has determined a new substantive rule that makes the Petitioner's action non-criminal as charged in the indictment.

[Dkt. No. 1 at 5-7]. As a result of his alleged factual innocence, Petitioner has requested that the court "vacate, set-aside, or correct the conviction for money laundering and re-sentence [him] accordingly." [Dkt. No. 1 at 7].

On November 30, 2012, Respondent filed a motion to dismiss Petitioner's petition pursuant to 28 U.S.C. § 2241, claiming that Petitioner cannot demonstrate that a § 2255 motion is an "inadequate or ineffective" remedy to collaterally attack his conviction or sentence and consequently is precluded from filing a petition for habeas corpus pursuant to § 2241. [Dkt. No. 18-1 at 5]. On January 3, 2013, Petitioner filed a response in opposition to Respondent's motion. [Dkt. No. 22]. Petitioner contends that he has demonstrated that a motion to vacate his conviction and sentence under § 2255 is "inadequate or ineffective," and thus he is entitled to file a § 2241 petition to raise a claim of factual innocence. [Dkt. No. 22 at 3-8]. Furthermore, Petitioner argues that if the court determines that he is not entitled to relief under § 2241, the court should allow him to pursue relief under 28 U.S.C. § 1651(a) through a writ of *audita querela* or through a writ of *coram nobis*. [Dkt. No. 22 at 8-10].

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

4

responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). "[I]n the absence of a timely filed objection," however, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## DISCUSSION

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). Petitioner filed a lengthy response to the Report, [Dkt. No. 26], with such detailed objections that the court is inclined to review *de novo* all of the Magistrate Judge's findings. However, prior to that analysis, a brief overview of the relevant statutes is warranted.

**Overview of 28 U.S.C § 2255**

28 U.S.C § 2255 was enacted in 1948 by Congress, and it allows a federal prisoner to collaterally attack his sentence before the sentencing judge. *Id.*; U.S. v. Hayman, 342 U.S. 205, 206-07 (1952). Prior to § 2255's enactment, habeas corpus petitions were solely brought in the district in which the prisoner was confined. *Hayman,* 342 U.S. at 213. These petitions may still be entertained by federal courts pursuant to 28 U.S.C. § 2241. However, before § 2255's

enactment, federal courts located in the districts of confinement encountered grave administrative issues including that the records of the sentencing court were not readily available. *Id.* at 212-13. Section 2255 was formulated to resolve the administrative issues that had arisen in the habeas corpus context prior to 1948 by "affording the same rights [to habeas corpus petitioners] in another more convenient forum." *Id.* at 219. In establishing this method of review, Congress did not intend to minimize the rights of prisoners seeking to collaterally attack their convictions. *Id.*

Movants have a one-year period of limitations to apply to motion under § 2255. 28 U.S.C. § 2255(f). The start date for the tolling period may be the date of the final conviction, or the initial date that the Supreme Court has recognized a new right and made that right retroactive for cases on collateral review, whichever is latest.[2] 28 U.S.C. § 2255(f). A court may excuse an untimely filing through the doctrine of equitable tolling where it would be unconscionable to enforce the limitation period and would lead to a greatly unjust result. *U.S. v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). A movant seeking equitable tolling must show that exceptional circumstances which were beyond his control resulted in the delay of his filing. *Id.*

In order for a movant to file a second or successive § 2255 motion, the court of appeals, acting as a gatekeeper, must certify it. 28 U.S.C. § 2255(h). The so-called "gatekeeping" provisions instruct that motions should be certified only where there is newly discovered evidence of innocence or where a new rule of constitutional law has been made retroactive and was previously unavailable. *Id. See In re Jones,* 226 F.3d 328, 329 (4th Cir. 2000). This

---

[2] The other dates that are considered as start dates for tolling have been omitted because they are not relevant to the instant action. Those other dates are "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action" and "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

gatekeeping process was added to § 2255 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *In re Jones,* 226 F.3d at 329.

**Overview of 28 U.S.C § 2241**

As referenced above, federal prisoners today maintain the opportunity to petition for habeas relief in the district where they are confined under 28 U.S.C. § 2241. *In re Jones,* 226 F.3d at 332. However, § 2255 limits review under § 2241 by providing:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained if it appears that the applicant has failed to apply for relief*, by motion, to the court which sentenced him, *or that such court has denied him relief*, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). This section of the statute is referred to as the "savings clause". In certain circumstances, such as where a movant seeks to file a second or successive motion to test the legality of his conviction due to a retroactive change in substantive law, § 2255's gatekeeping provisions may leave § 2255's remedy inadequate or ineffective under its savings clause. *In re Jones,* 226 F.3d at 333. Because, in those situations, a movant is unable to pursue § 2255 relief in the absence of newly discovered evidence or a new rule of constitutional law, the savings clause may permit a petition for a writ of habeas corpus under § 2241. *Id.* The Fourth Circuit has specifically held that a § 2241 petition is proper where:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent to the prisoner's direct appeal and first § 2255 motion*, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones,* 226 F.3d at 333-34 (emphasis added).

7

**Petitioner's § 2241 Petition**

The Magistrate Judge found that Petitioner's § 2241 petition is not properly before the court because Petitioner has not satisfied the requirements of § 2255's savings clause. [Dkt. No. 24 at 6]. Specifically, the Report stated that Petitioner has failed to show § 2255 is an inadequate or ineffective remedy by meeting the second prong of the test outlined in *In re Jones*. *Id.* In order to properly file a § 2241 petition, Petitioner was required by the *In re Jones* test to demonstrate that the change in substantive law triggering his claim for relief occurred subsequent to his conviction becoming final and subsequent to the first filing of a § 2255 motion. The Magistrate Judge concluded that Petitioner did not satisfy prong two because he never filed a § 2255 motion. *Id.* The court agrees.

Petitioner's convictions became final on May 21, 2007.[3] From that point until one year later, May 21, 2008, Petitioner had a tolling window in which to apply to motion under § 2255. 28 U.S.C. § 2255(f). Petitioner did not file a § 2255 motion within that period. When the United States Supreme Court decided *Santos* on June 2, 2008, a new one-year window opened in which Petitioner was able to file a § 2255 motion because *Santos* represented a substantive change in the law. 28 U.S.C. § 2255(f). Petitioner did not file a § 2255 motion within that window either. During this second tolling period, Petitioner was afforded the opportunity to have his sentencing judge reconsider his judgment in light of the intervening change in the law. Because Petitioner had an "unobstructed procedural shot" for relief under § 2255 pursuant to *Santos*, he does not qualify to petition under § 2241 by way of § 2255's savings clause. *Rice v. Rivera,* 617 F.3d

---

[3] Although the Fourth Circuit affirmed Petitioner's conviction on August 24, 2005, his sentence was not finalized until it was affirmed by the Fourth Circuit on May 21, 2007. Therefore, Petitioner's judgment was not final until May 21, 2007, the date on which both his conviction and sentence were final. *United States v. Dodson,* 291 F.3d 268, 272, 275-76 (4th Cir. 2002).

8

802, 807 (4th Cir. 2010) ("If…the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him[.]").

Petitioner emphasizes that while he did not file a § 2255 motion, he filed a request for an extension to file a § 2255 motion on September 25, 2008 and was denied his request on November 5, 2008.  [Dkt. No. 22 at 4]; [Dkt. No. 18-3 at 12].  Petitioner also provides his reasons for not filing the § 2255 motion.  As a preliminary matter, the court will address the two possible effects of Petitioner's motion to extend time.  The motion was filed within the second window in which Petitioner could have timely brought a § 2255 motion challenging his conviction.  The court is not under the impression that the motion for extension sought relief due to the change in the law given the contents of the motion.  [*See* Dkt. No. 100 (*Harding v. United States,* Cr. No. 5:02-CR-00191-BO (E.D.N.C. Sept. 25, 2008))].  And if the motion to extend time is not considered a § 2255 petition, then the previous analysis applies.

However, if the court were to construe Petitioner's motion as a § 2255 motion that qualified for filing within the second tolling period due to the substantive change in law, Petitioner would still fail to meet the second prong of the *In re Jones* test.  While in that scenario, Petitioner would have filed a § 2255 motion, it would not have been filed *subsequent* to the change in the law.  It would therefore follow that Petitioner *could* have made a claim under the new law in his motion, regardless of whether he took advantage of that opportunity.  And so, § 2255 would not be considered inadequate or ineffective for purposes of allowing Petitioner to bring a § 2241 petition.

That stated, Petitioner acknowledges that he did not file a § 2255 motion and provides justification for his failure to do so.  [*See* Dkt. No. 22 at 6-8].  Petitioner explains that filing a § 2255 motion before the Fourth Circuit made *Santos* retroactive by its ruling in *United States v.*

9

*Halstead*, 634 F.3d 270 (4th Cir. 2011) would have been futile because prior to *Halstead* "the law was so firmly against him". [Dkt. No. 22 at 8]. By Petitioner's logic, if he would have brought the claim before it became retroactive, he would have been unable to obtain relief. Petitioner contends that the period in which he was allowed to bring a motion in light of *Santos* should have been tolled from March 7, 2011, the date *Halstead* was decided. Even under this misinterpretation of the law Petitioner's motion would have been untimely[4], but his reasoning is not without substance.

Petitioner misunderstands a complex area of the law. The date for which tolling begins under § 2255 following a substantive change of the law is the date of the Supreme Court decision recognizing the new right, regardless of the date that decision becomes retroactive. *Dodd v. United States*, 545 U.S. 353, 357-58 (2005). In Petitioner's case, *Santos* did not become retroactive until nearly two years after his second window for filing a § 2255 motion closed. Four dissenting Justices of the United States Supreme Court have expressed sentiments similar to Petitioner's contention that filing before *Halstead* made *Santos* retroactive would have been fruitless. *Id.* at 368-69 (Stevens, J., dissenting) (lamenting the absurdity of a statute that "recognize[s] a potential basis for habeas relief and also [makes] it highly probable that the statute of limitations would bar relief before the claim can be brought."). However, this view did not prevail. The law presumes that since Petitioner had the chance to bring a § 2255 motion within a year following *Santos*, despite the fact that he was unsure whether the decision would be applied retroactively, he was afforded a reasonable opportunity to challenge the legality of his

---

[4] It appears that Petitioner may have filed the instant action on April 5, 2012, [Dkt. No. 1 at 7], even though the petition was not received until May 7, 2012 and docketed on May 8, 2012, *id.* at 1. Assuming, hypothetically, that Petitioner's petition could have been construed as a § 2255 motion following the *Halstead* decision, the motion would have been untimely because it was filed after March 7, 2012.

10

conviction for the purposes of § 2255's savings clause. Accordingly, Petitioner's § 2241 petition is not properly before the court.

Therefore, the court accepts the finding of the Report that Petitioner is not able to challenge his conviction under § 2241 because he has failed to make the requisite showing that relief under § 2255 is inadequate or ineffective.

**Petitioner's Petition for a Writ of Audita Querela**

As an alternative to § 2241, Petitioner requests a writ of audita querela under 28 U.S.C. 1651(a). [Dkt. No. 22 at 9-10]. The Magistrate Judge found that Petitioner is not entitled to this relief because a § 2255 motion was available to him. [Dkt. No. 24 at 7]. The court agrees.

The Fourth Circuit has held that where a petitioner could have raised claims under § 2255 (regardless of whether the petitioner ultimately obtained relief), the opportunity to apply to motion under § 2255 precludes a writ of audita querela, a remedy reserved for extraordinary circumstances. *In re Rushing-Floyd,* 62 F. App'x 64 (4th Cir. 2003) (unpublished); *See also, Barber v. United States,* 60 F. App'x 487 (4th Cir. 2003) (unpublished).

**Petitioner's Petition for a Writ of Coram Nobis**

Petitioner similarly petitions for a writ of coram nobis. [Dkt. No. 22 at 8-9]. This writ provides a means by which a petitioner may challenge his judgment of conviction. *See United States v. Sessoms,* 488 F. App'x 737, 738 & n.* (4th Cir. 2012). A writ of coram nobis should be brought in the district court where the petitioner was convicted. *Carter v. United States Attorney General,* 782 F.2d 138, 141 (10th Cir. 1986) ("An action attacking a federal criminal conviction should be brought in the district court that rendered the conviction, at least so long as a remedy is available there."). Thus, the court transfers Petitioner's petition for a writ of coram nobis to the United States District Court for the Eastern District of North Carolina. The Eastern District of

North Carolina would be a more appropriate forum as the records of Petitioner's case are located there, and that court is more familiar with the particulars of his case. *See Neal v. Francis,* 2008 WL 2704520, at *2 (N.D.W. Va. 2008) ("By transferring this case to the district of conviction[,] a district court much more familiar with the case will be able to determine the merits of the writ."). *See also Outlaw v. Craig,* 2010 WL 454925, at *4 (S.D.W. Va. 2010) (identifying other district courts who have been required to transfer writs of coram nobis to the district of conviction).

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. [Dkt. No. 24]. The court **GRANTS** Respondent's Motion to Dismiss [Dkt. No. 18] for Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Petitioner's Petition for a Writ of Audita Querela. Petitioner's Petition for a Writ of Coram Nobis is **TRANSFERRED** to the court which sentenced him in the Eastern District of North Carolina for further proceedings.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 26, 2013
Greenville, South Carolina